UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE VERNON JR., | No. 2:23-cv-1829 DJC AC PC |
| Plaintiff, | |
| v. | ORDER |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by litigants proceeding pursuant to §1915.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff is suing Metropolitan Life Insurance Company ("MetLife") and several of its employees for breach of contract, breach of the implied obligation of good faith and fair dealing, breach of contractual duty to pay a covered claim, intentional misrepresentation, concealment, and negligence. In summary, plaintiff alleges that MetLife improperly failed to pay the proceeds of plaintiff's father's life insurance policy to plaintiff. ECF No. 1 at 3. Plaintiff attaches to the complaint a document signed by "MetLife North Customer Unit – Client Services" which documents communications between plaintiff and MetLife between 2020 and 2023, in which MetLife informs plaintiff that he was not the named beneficiary on his father's policy. ECF No. 1 at 15. Plaintiff asserts that this was fraud because his father was not mentally competent when he named the beneficiary. Id. at 3. Plaintiff asserts federal jurisdiction based on diversity, 28 U.S.C. 1332. The complaint does not identify the citizenship of any defendant, nor does it identify any financial damages. Id. at 2-13.

IV. Failure to Identify a Basis for Federal Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal

3

1  courts jurisdiction over two general types of cases, known as "federal-question jurisdiction" and
2  "diversity jurisdiction." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019),
3  reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

4  Here, the complaint alleges that the court has diversity jurisdiction pursuant to 28 U.S.C. §
5  1332. That statute provides that district courts have jurisdiction over "all civil actions where the
6  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and
7  the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or
8  subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a
9  foreign state are additional parties; and (4) a foreign state...as plaintiff and citizens of a State or of
10 different States." 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity between
11 the parties — each defendant must be a citizen of a different state from each plaintiff." In re
12 Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). For purposes of
13 diversity jurisdiction, "a corporation shall be deemed to be a citizen of [1] any State by which it
14 has been incorporated and [2] of the State where it has its principal place of business." 28 U.S.C.
15 § 1332(c)(1). To determine the "principal place of business" the Supreme Court has held that
16 courts must use a "nerve center" test; the "nerve center" is usually the corporate headquarters.
17 Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010).

18 Plaintiff's complaint does not establish diversity jurisdiction because it does not state the
19 citizenship of the defendants (what state they are from or where the corporate defendant has its
20 principal place of business), nor does it allege any amount in controversy. Accordingly, it is
21 unclear that this case can be heard in federal court. "Federal courts are presumed to lack
22 jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d
23 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546
24 (1986)). Jurisdiction is a threshold requirement, Morongo Band of Mission Indians v. Cal. State
25 Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), and therefore the undersigned will not
26 proceed to screening of plaintiff's claims until the jurisdictional question can be determined.
27 Plaintiff will be given the opportunity to file an amended complaint that contains the
28 jurisdictional facts required to satisfy 28 U.S.C. § 1332.

V.   Leave to Amend

Plaintiff may file an amended complaint that establishes federal jurisdiction. Plaintiff is informed that the court cannot refer to a prior pleading to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. This is because, as a rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint you have submitted cannot move forward, because it does not contain facts showing that it can be heard in federal court. To show that there is diversity jurisdiction, you must show that all the defendants legally reside in different states from you, and that more than $75,000 is at issue.

If you choose to amend your complaint, the first amended complaint must include all the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is not suitable for service, and will not be substantively screened at this time, because jurisdiction has not been established.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 2, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE