UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE VERNON, JR., | No. 2:23-cv-01829 DJC AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| METROPOLITAN LIFE INSURANCE COMPANY; KAITLYN CRAWFORD; BRENDA KOLOGY; JOHN ANDJANE DOES 1-5, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The operative first amended complaint is located at ECF No. 9. Defendants move to dismiss the case. ECF No. 18. Plaintiff opposed the motion. ECF No. 23. Defendants filed a reply that was improperly noticed as a motion. ECF No. 24. Plaintiff submitted a second opposition (ECF No. 25), which defendants objected to as an improper surreply (ECF No. 26). In the interest of fairness and judicial efficiency, the court has considered all the briefing. For the reasons explained below, the undersigned recommends that defendants' motion to dismiss be GRANTED, but that plaintiff be given leave to amend in order to properly plead his claims under ERISA.

////

# I. Background

## A. The Complaint

Jimmy Lee Vernon, Jr., proceeding in pro se, filed a complaint in diversity jurisdiction (28 U.S.C. § 1332) on August 25, 2023. ECF Nos. 1, 9. Plaintiff asserts state law claims for breach of contract, breach of fiduciary duties, breach of implied obligation/covenant of good faith and fair dealing, breach of contractual duty to pay a covered claim, intentional misrepresentation, concealment, and negligence arising from defendants' alleged failure to pay life insurance benefits to him from his deceased father's policy. ECF No. 9 at 3-14. Plaintiff attaches to his complaint a letter from General Motors Benefits and Service Center, letters from Metropolitan Life Insurance Company ("MetLife"), and letter from United Auto Workers. ECF No. 9 at 15-28.

## B. Motions to Dismiss

Defendants moved to dismiss on February 2, 2024, arguing that the complaint fails to state a claim upon which relief can be granted because all the state law claims alleged are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). ECF No. 18 at 2.

# II. Analysis

## A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35

(3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Judicial Notice

In general, district courts may not consider materials beyond the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). "There are two exceptions to this rule:

the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998. Incorporation by reference is a judicially created doctrine designed to allow courts to treat certain documents referenced within a complaint as though they are fully included in the complaint in order to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." Khoja, 899 F.3d at 1002. It is proper to incorporate a document into a complaint when the claims – not just the defenses – necessarily depend on it. Id.

Here, the complaint entirely depends on the content of the insurance policy at issue. Plaintiff's complaint refers to his father's insurance policy numerous times, and documents are attached that reference the name of the insured, the plan name and group number, along with the claim number. See, e.g. ECF No. 9 at 15-25. The court accordingly takes judicial notice of the Certificate of Insurance ("Certificate") for Group Policy No. 33600-G issued by MetLife to General Motors Corporation, which funds the life insurance benefits of the GM Life and Disability Benefits Program (the "Plan"), located at ECF No. 18-2, and the Summary Plan Description ("SPD") for the Plan, located at ECF No. 18-3.

C. ERISA Preemption

Congress enacted ERISA in order to create "a comprehensive statute for the regulation of employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208, (2004). "ERISA contains one of the broadest preemption clauses ever enacted by Congress." Joanou v. Coca–Cola Co., 26 F.3d 96, 99 (9th Cir. 1994) (internal quotation marks omitted). "Under § 514(a), ERISA broadly 'preempts any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan . . . .' " Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1108 (9th Cir. 2011) (alterations in original) (quoting 29 U.S.C. § 1144(a)). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Id. at 209. Specifically, ERISA's preemption clause

provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .

29 U.S.C. § 1144(a). Thus, Congress has made clear that where an employee welfare benefit plan is concerned, ERISA governs and preempts any state law claims that relate to any such plan. Five criteria determine whether a plan is governed by ERISA: (1) a "plan, fund, or program," (2) "established or maintained" (3) by "an employer," (4) for the purpose of providing "benefits" (5) to its "employees." See 29 U.S.C. § 1002(2)(A).

As a preliminary matter, ERISA applies to the Plan at issue, despite plaintiff's argument to the contrary. Plaintiff argues that the Plan is not covered by ERISA, disputing the applicability of prongs 3, 4, and 5. He contends that defendants' motion is improper because he has not actually seen the records of the policy before July 2020 and after, in attempts to cover up fraud related to a possible beneficiary change. ECF No. 23 at 2. However, it is clear from both the documents attached to plaintiff's complaint and the Plan itself, that the Plan is covered by ERISA. Regarding criterion 3, the Plan documents show that the Plan was issued by General Motors, which is an employer as defined by ERISA as General Motors "act[ed] directly as an employer … in relation to an employee benefit plan," (29 U.S.C. § 1002(5)) by purchasing the group insurance from MetLife to provide life insurance benefits to its eligible employees and acting as the Plan Administrator. ECF 18-2 at pp. 2, 18, 20-25, 99-100. Criterion 4 is satisfied because life insurance benefits are expressly governed by ERISA. 29 U.S.C. § 1002(1) ("benefits in the event of … death…"). Plaintiff provides no valid argument to the contrary as to criteria 3 and 4. ECF 23 at p. 4.

As to criterion 5, the Plan benefits were provided to employees of General Motors, and plaintiff makes no showing to the contrary. The documents attached to the complaint clearly indicate that plaintiff's father, the decedent and holder of the policy, was a retired employee of General Motors and that as a benefit of his employment he was a covered participant of the Plan. See ECF No. 9 at 18-21 (referencing decedent as a plan participant in the General Motors Group

Plan for Basic Life Insurance, 22-25 (referencing the Vernon's appeals to the UAW General Motor Department – Benefit Plans and the benefits payable "as a result of the death of General Motors hourly retiree Jimmy Lee Vernon."). The Plan itself also states that eligible employees and retirees of General Motors, such as Decedent, are entitled to receive benefits. ECF No. 18-2 at 86-87.

Defendants rely on Tinsley v. Gen. Motors Corp., 227 F.3d 700 (6th Cir. 2000), which is, in many ways, analogous to plaintiff's case. In Tinsley, a decedent (Williams) had initially designated his niece (Tinsley) as the beneficiary of his life insurance plan, but days before his death changed the beneficiary to his neighbor (Calloway). Id. Both Calloway and Tinsley attempted to claim benefits from the plan, and Tinsley ultimately filed suit against the insurer, arguing that the change was the result of undue influence in violation of state law, and that the decedent's signature may have been forged. Id. At 703. The Tinsley court, relying on Supreme Court and Sixth Circuit precedent, held that "claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law." Tinsley, 227 F.3d at 704. The court concluded that "the question [of] whether Tinsley is entitled to the proceeds from Williams's life insurance plan due to the alleged forgery of Williams's signature on the beneficiary designation change form or the alleged exercise of undue influence by Calloway is preempted by ERISA and governed by federal law." Id. at 704. The court went on to evaluate plaintiff's claims under federal law. Id. At 704-706.

The Ninth Circuit and district courts within this circuit have consistently held that ERISA preempts state law claims such as those asserted in the complaint. See, e.g., Johnson v. Lucent Technologies Inc., 669 Fed. Appx 406, 408 (9th Cir. 2016) (memorandum opinion; claim for intentional infliction of emotional distress preempted); McBride v. PLM Int'l, Inc., 179 F.3d 737, 744-45 (9th Cir. 1999) (claim for breach of the implied covenant of good faith and fair dealing preempted); Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 493 (9th Cir. 1988) (claims under California statute prohibiting unfair business practices preempted); Greaney v. Western Farm Bureau Life Ins., 973 F.2d 812, 819 (9th Cir. 1992) (intentional interference with contract claim preempted) (citing Tingey v. Pixley-Richards W., Inc., 953 F.2d 1124, 1131 (9th Cir.

1992); Josef K. v. California Physicians' Service, 2019 WL 688075, at *3, 2019 U.S. Dist. LEXIS 26284 (N.D. Cal. Feb. 19, 2019) (tortious interference claim preempted); Powell v. Unum Life Ins. Co. of Am., 2016 WL 8731383, at *3, 2016 U.S. Dist. LEXIS 136311 (E.D. Cal. Sept. 30, 2016) (causes of action for breach of contract, breach of the covenant of good faith and fair dealing and breach of fiduciary duty preempted); Finn v. United Healthcare Ins. Co., 2013 WL 1164343, at *2, 2013 U.S. Dist. LEXIS 39094 (S.D. Cal. March 20, 2013) (negligent misrepresentation claim preempted).  Further, because ERISA provides the exclusive remedial scheme for any claims that relate to a plan, it also preempts any claims for extracontractual damages.  See Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1009 (9th Cir. 1998), as amended (Aug. 3, 1998) ("[e]xtracontractual, compensatory and punitive damages are not available under ERISA").  The court agrees that plaintiff's first amended complaint, which contains only state law claims that are preempted by ERISA, must be dismissed.

### B. Leave to Amend

A a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, unless the defects cannot be cured.  Noll, 809 F.2d at 1448.  The motion to dismiss is based only on ERISA preemption; under such circumstances, allowing plaintiff to file an amended complaint alleging ERISA claims would not be futile.  Powell, 2016 WL 8731383, at *3.  The court should give plaintiff leave to amend to correctly plead his claims under ERISA. See Winn v. Lassen Canyon Nursery Inc., 2010 WL 4688798, at *2, 2010 U.S. Dist. LEXIS 125016 (E.D. Cal. Nov. 10, 2010)

### III.   Pro Se Plaintiff's Summary

It is being recommended that your complaint be dismissed because your state claims are preempted by ERISA.  However, it is also being recommended that you be given leave to amend your complaint to assert claims under ERISA.  If the recommendations are adopted, you will have 30 days to file an amended complaint bringing federal claims under ERISA.

### IV.  Conclusion

For the reasons explained above, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 18 be GRANTED and the motion at ECF No. 24

1      be VACATED and construed as a reply brief;

2   2. That the first amended complaint (ECF No. 9) be DISMISSED; and

3   3. That plaintiff be given 30 days to file an amended complaint bringing claims under

4      ERISA.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 26, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE