UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE VERNON, JR., <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY; KAITLYN CRAWFORD; BRENDA KOLOGY; JOHN AND JANE DOES 1-5, <br><br> Defendants. | No.  2:23-cv-01829 DJC AC PS <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  The operative second amended complaint is located at ECF No. 34.  Defendants move to dismiss the case without further leave to amend. ECF No. 36.  Plaintiff opposed the motion. ECF No. 38.  Defendants filed a reply. ECF No. 39.  For the reasons explained below, the undersigned recommends that defendants' motion to dismiss be GRANTED, and that this case be DISMISSED in its entirety.

### I. Background

A.  <u>The Initial Dismissal and the Second Amended Complaint</u>

Jimmy Lee Vernon, Jr., proceeding in pro se, filed a complaint in diversity jurisdiction (28 U.S.C. § 1332) on August 25, 2023.  ECF Nos. 1, 9.  Plaintiff asserted state law claims for breach

1

of contract, breach of fiduciary duties, breach of implied obligation/covenant of good faith and fair dealing, breach of contractual duty to pay a covered claim, intentional misrepresentation, concealment, and negligence, all arising from defendants' alleged failure to pay life insurance benefits to him from his deceased father's policy. ECF No. 9 at 3-14. Plaintiff attached to his first amended complaint a letter from General Motors Benefits and Service Center, letters from Metropolitan Life Insurance Company ("MetLife"), and letter from United Auto Workers. ECF No. 9 at 15-28. Defendants moved to dismiss on February 2, 2024, arguing that the complaint fails to state a claim upon which relief can be granted because all plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). ECF No. 18 at 2. The motion to dismiss was granted. ECF Nos. 28, 33. In dismissing plaintiff's prior complaint, which contained only state law claims, the court ruled that those claims were preempted because the life insurance benefits Vernon seeks arise from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq. Id. Plaintiff was granted leave to amend.

Plaintiff filed the operative Second Amended Complaint ("SAC") on June 24, 2024. ECF No. 34. The SAC references various sections of ERISA and state law causes of action (e.g, forgery, breach of contract, etc.) while maintaining the foundation of his first amended complaint: that MetLife should have paid him out as the beneficiary of his father's insurance plan, and that MetLife's assertion that he is not listed as the beneficiary of his father's plan is false. ECF No. 35 at 4-11. Plaintiff alleges that plaintiff was his father's only heir and child, and that MetLife improperly told him that the policy had not been changed in a long time. Id. Though the SAC is difficult to decipher, its gravamen is clearly that plaintiff was intended to be the beneficiary of his father's insurance plan, MetLife has incorrectly maintained that someone other than plaintiff was the listed beneficiary, and MetLife improperly paid the other beneficiary instead of plaintiff. Id. Though the SAC presents several causes of action, each cause of action is based on this common factual premise.

////

////

B. <u>Motions to Dismiss</u>

Defendants moved to dismiss the second amended complaint in its entirety for the following reasons: (a) all state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"); (2) all claims under 29 U.S.C. § 1132(a)(2) fail because the SAC does not seek to redress losses on behalf of the Plan but seeks only to recover alleged personal losses to plaintiff; (3) all claims under 29 U.S.C. § 1132(a)(3) fail because that section only provides for equitable relief and the SAC seeks legal relief in the form of money damages, which are not recoverable; (4) the claim under 29 U.S.C. § 1111 fails because there are no facts alleged regarding that section; and (5) the SAC fails to state a claim against individual defendants Kaitlyn Crawford and Brenda Kology because neither is a properly named defendant with respect to the breach of fiduciary duty claims alleged. ECF No. 36 at 2. Defendants ask that plaintiff not be granted further leave to amend. <u>Id.</u> at 21.

## II. Analysis

A. <u>Legal Standards Governing Motions to Dismiss</u>

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. <u>Id.</u> (quoting 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

3

1  factual content that allows the court to draw the reasonable inference that the defendant is liable
2  for the misconduct alleged." Id.

3  In reviewing a complaint under this standard, the court "must accept as true all of the
4  factual allegations contained in the complaint," construe those allegations in the light most
5  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus,
6  551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,
7  960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th
8  Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of
9  factual allegations, or allegations that contradict matters properly subject to judicial notice. See
10 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
11 Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

12 Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
13 Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
14 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
15 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
16 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential
17 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
18 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se
19 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
20 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
21 F.2d 1446, 1448 (9th Cir. 1987).

22   B.  Judicial Notice

23 In general, district courts may not consider materials beyond the pleadings when assessing
24 the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lee
25 v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). "There are two exceptions to this rule:
26 the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201.
27 Both of these procedures permit district courts to consider materials outside a complaint, but each
28 does so for different reasons and in different ways." Khoja v. Orexigen Therapeutics, Inc., 899

F.3d 988, 998.  Incorporation by reference is a judicially created doctrine designed to allow courts to treat certain documents referenced within a complaint as though they are fully included in the complaint in order to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims."  Khoja, 899 F.3d at 1002.  It is proper to incorporate a document into a complaint when the claims – not just the defenses – necessarily depend on it.  Id.

Here, the SAC extensively references the insurance policy at issue.  Senior Claim Examiner Megan Vaccaro provided a declaration verifying copies of the Certificate of Insurance ("Certificate") for Group Policy No. 33600-G issued by MetLife to General Motors Corporation, which funds the life insurance benefits of the GM Life and Disability Benefits Program (the "Plan") at Exhibit A and the Summary Plan Description ("SPD") for the Plan at Exhibit.  ECF No. 36-1 at 4.  The court accordingly takes judicial notice of these documents.

### C.  ERISA Preemption

Plaintiff's SAC re-alleges multiple state law claims that the court already ruled were preempted by ERISA, and these claims must again be dismissed.  Congress enacted ERISA to create "a comprehensive statute for the regulation of employee benefit plans."  Aetna Health Inc. v. Davila, 542 U.S. 200, 208, (2004).  "ERISA contains one of the broadest preemption clauses ever enacted by Congress."  Joanou v. Coca–Cola Co., 26 F.3d 96, 99 (9th Cir. 1994) (internal quotation marks omitted).  "Under § 514(a), ERISA broadly 'preempts any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan . . ..' "  Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1108 (9th Cir. 2011) (alterations in original) (quoting 29 U.S.C. § 1144(a)).  "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy  exclusive and is therefore pre-empted."  Id. at 209.  Specifically, ERISA's preemption clause provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .

29 U.S.C. § 1144(a).  Thus, Congress has made clear that where an employee welfare benefit plan is concerned, ERISA governs and preempts any state law claims that relate to any such plan.  Five criteria determine whether a plan is governed by ERISA: (1) a "plan, fund, or program," (2) "established or maintained" (3) by "an employer," (4) for the purpose of providing "benefits" (5) to its "employees."  See 29 U.S.C. § 1002(2)(A).

As explained in the undersigned's prior findings and recommendations, the Ninth Circuit and district courts within this circuit have consistently held that ERISA preempts state law claims such as those asserted in the complaint.  See, e.g., Johnson v. Lucent Technologies Inc., 669 Fed. Appx 406, 408 (9th Cir. 2016) (memorandum opinion; claim for intentional infliction of emotional distress preempted); McBride v. PLM Int'l, Inc., 179 F.3d 737, 744-45 (9th Cir. 1999) (claim for breach of the implied covenant of good faith and fair dealing preempted); Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 493 (9th Cir. 1988) (claims under California statute prohibiting unfair business practices preempted); Greaney v. Western Farm Bureau Life Ins., 973 F.2d 812, 819 (9th Cir. 1992) (intentional interference with contract claim preempted) (citing Tingey v. Pixley-Richards W., Inc., 953 F.2d 1124, 1131 (9th Cir. 1992); Josef K. v. California Physicians' Service, 2019 WL 688075, at *3, 2019 U.S. Dist. LEXIS 26284 (N.D. Cal. Feb. 19, 2019) (tortious interference claim preempted); Powell v. Unum Life Ins. Co. of Am., 2016 WL 8731383, at *3, 2016 U.S. Dist. LEXIS 136311 (E.D. Cal. Sept. 30, 2016) (causes of action for breach of contract, breach of the covenant of good faith and fair dealing and breach of fiduciary duty preempted); Finn v. United Healthcare Ins. Co., 2013 WL 1164343, at *2, 2013 U.S. Dist. LEXIS 39094 (S.D. Cal. March 20, 2013) (negligent misrepresentation claim preempted).

Further, because ERISA provides the exclusive remedial scheme for any claims that relate to a plan, it also preempts any claims for extracontractual damages.  See Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1009 (9th Cir. 1998), as amended (Aug. 3, 1998) ("[e]xtracontractual, compensatory and punitive damages are not available under ERISA").  Once again, plaintiff's state law claims must be dismissed because they are preempted by ERISA.

### D. Plaintiff's ERISA References Do Not State a Claim

Plaintiff's SAC asserts the following putative claims under ERISA: (1) Breach of

6

Contract, Forgery, Section 409(a),3 29 U.S.C. § 1109(a) (ECF No. 34 at 4); (2) Breach of Fiduciary Duties, 29 U.S.C. § 1104(a), Forgery (ECF No. 34 at 5); (3) Fiduciary Breach of Plan, Section 411, 29 U.S.C. § 1111 (ECF No. 34 at 6); (4) Misrepresentation, Section 1132(a)(3) (ECF No. 34 at 8); Misrepresentation, Section 1132(a) (ECF No. 34 at 9); (5) Forgery, Section 502(a)(2), 4 Section 409(a), 29 U.S.C. § 1109(a) (ECF No. 34 at 10); and Forgery, Section 502(a)(2), Section 409(a), 29 U.S.C. § 1109(a) (ECF No. 34 at 11).  Plaintiff's Request for Relief seeks "Equitable Relief 502(a)(3) (29 U.S.C. 1132(a)(1)(B)) in the amount of $500,000."  ECF No. 34 at 12.  Plaintiff's claims can be categorized under the following sections of ERISA's civil enforcement scheme: (1) claims brought under Section 1132(a)(2) and Section 1109; (2) claims brought under Section 1132(a)(3) for alleged breaches under Section 1104(a); and (3) a claim brought under Section 1111.  Each category of claims is addressed separately below.

     a. <u>Section 1132(a)(2) and Section 1109</u>

  ERISA authorizes plan participants and beneficiaries to sue a fiduciary on behalf of the plan for "appropriate relief" under Section 1109.  29 U.S.C. § 1132(a)(2).  Section 1109 establishes personal liability for an ERISA fiduciary who breaches duties that result in losses to the plan.  <u>See</u> 29 U.S.C. § 1109(a).  Thus, to maintain a claim under Sections 1132(a)(2) and 1109(a), the plaintiff must allege losses to the plan.  <u>See</u> <u>Massachusetts Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134, 142 (1985) (Section 1109 is concerned with "misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary."); <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 515 (1996)(Section 1132(a)(2) "does not provide a remedy for individual beneficiaries."); <u>Wise v. Verizon Comm's, Inc.</u>, 600 F.3d 1180, 1189 (9th Cir. 2010) ("The claim for fiduciary breach [under § 1132(a)(2)] gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach.").  Because plaintiff seeks relief on his own behalf and seeks to recover damages for himself, his putative claims under these ERISA sections cannot entitle him to relief and must be dismissed.

     b. <u>Section 1132(a)(3) for Breaches Under Section 1104(a)</u>

  Plaintiff's claims for relief under Section 1132(a)(3) and 1104(a)5 fail because the

remedies he seeks are legal (financial damages), not equitable. Section 1132(a)(3) authorizes a participant, beneficiary or fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). These remedies are equitable in nature, meaning they require a party to take or refrain from specific actions, rather than requiring payment of monetary damages. "To qualify as 'equitable relief,' both '(1) the basis for the plaintiff's claim and (2) the nature of the underlying remedies sought' must be equitable rather than legal." Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 660 (9th Cir.), cert. denied, 140 S. Ct. 223 (2019) (citation and internal quotation marks omitted). The Supreme Court has also made clear that the language "appropriate equitable relief'" in the statute does not authorize suits for money damages for breach of fiduciary duty. Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993).

Plaintiff seeks relief under ERISA (i.e., 29 U.S.C. § 1132(a)(3)) "in the amount of $500,000." ECF 34 at p. 12, 44. Although plaintiff labels this a claim for equitable relief, the request itself is plainly for monetary damages. The foundation of this lawsuit is plaintiff's belief that he is owed a payout as the intended beneficiary of his father's plan, and the only relief sought by way of the SAC is monetary relief, which by its very nature is legal. Mertens, 508 U.S. at 255 ("Money damages are, of course, the classic form of legal relief."). Plaintiff's claims under Sections 1132(a)(3) and 1104(a) therefore fail as a matter of law and are subject to dismissal. See Depot, 915 F.3d at 661-6l5 (affirming dismissal of claims under Section 1132(a)(3) because such claims asserted were legal, not equitable, "notwithstanding the[ir] labels"); LD v. United Behav. Health, 2020 WL 5074195, at *7 (N.D. Cal. Aug. 26, 2020) (dismissing claims under section 1132(a)(3) because "the complaint is devoid of allegations that raise the inference that the basis for the remedies that plaintiffs seek under Section 1132(a)(3) is equitable"). Because plaintiff's SAC makes it clear that he seeks only unavailable relief, the claims must be dismissed.

////

////

c.  Section 1111

The allegations in the SAC cannot support any claim under Section 1111, which sets forth persons who are prohibited from holding certain positions in an employee benefit plan.  See 29 U.S.C. § 1111 ("Persons prohibited from holding certain positions").  Not only is the SAC devoid of any allegations that are relevant to this section, the cited portion of the statute cannot provide the relief Vernon seeks—namely, benefits under the Plan.  Claims under this section must be dismissed.

E.  Claims Against Individual Defendants

Although all of plaintiff's claims fail for the reasons described above, the court notes further that plaintiff cannot maintain claims against individual defendants Kology and Crawford because they are not fiduciaries of the plan as defined by ERISA.  As explained above, Sections 1132(a)(2) and (a)(3) permit a participant or beneficiary to seek relief for fiduciary breaches under ERISA.  Accordingly, claims lie only against fiduciaries.  ERISA defines a fiduciary as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Here, there are no facts alleged that Kology or Crawford had any discretionary authority with respect to the Plan's administration.  Rather, the Plan requires that upon the participant's death, the benefits are to be paid to the Beneficiary, defined as "the person or persons YOU choose to receive any benefit payable because of YOUR death."  ECF No. 36-1 at 47).  While plaintiff alleges in conclusory fashion that Kology and Crawford made false representations that prevented him from getting the benefits at issue (ECF No. 34 at 8-9), his SAC is devoid of allegations showing that they were empowered with discretion or authority to alter the terms of the Plan.  Lacking any such allegations, his breach of fiduciary duty claims against the individual

defendants must be dismissed on this ground as well.  See Fealy v. ISP2 Oakland, Inc., 2022 WL 2988508, at *3, 2022 U.S. Dist. LEXIS 134424 (N.D. Cal. July 28, 2022) (dismissing a claim for breach of fiduciary duty where allegations that the party had "informed Plaintiff that her health insurance was not active" were insufficient to show discretionary authority or responsibility).

### F. Plaintiff Should Not Receive Further Leave to Amend

A a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment unless the defects cannot be cured.  Noll, 809 F.2d at 1448.  Plaintiff has had an opportunity to amend, and the contents of the SAC make clear that further amendment is futile.  Plaintiff should not be granted the opportunity to file a third amended complaint.

### III.    Pro Se Plaintiff's Summary

It is being recommended that your case be dismissed.  Your state law claims must be dismissed because they are preempted by ERISA.  Your other claims must be dismissed because you have not stated a legal basis for relief.  ERISA does not provide for the money damages you seek.  It appears clear to the Magistrate Judge that you cannot win this case in federal court, so it is being recommended that this case be dismissed without another chance to file an amended complaint.  If you disagree with this recommendation, you can file objections for the district judge to consider within 21 days.

### IV.  Conclusion

For the reasons explained above, the undersigned recommends that the motion to dismiss (ECF No. 36) be GRANTED and that this case be DISMISSED in its entirety without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to

////

appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 22, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE